## SUPREME COURT.

ABRAM W. TOLL, assignee, &c., agt. HENRY S. WHITNEY.

SAME agt. McCORMICK.

SAME agt. KEELER.

In *mutual insurance companies*, organized under the act of 1849 (*Laws of* 1849, p. 441), there were "premium notes," different and distinct from *capital stock notes*. And the premium notes were of a different tenor from the stock notes drawn according to the law (*5th section*) ; and controlled by different rules as to calls and collection.

On these *premium notes*, given *after* the organization of the company, and in the course of their regular business, no action can be maintained, except it be to pay for losses or expenses actually accrued while such notes were in force, *and after assessments made* ; they come within the decision of *Devendorf* agt. *Beardsley* (23 *Barb.* 656).

*Albany General Term, September*, 1858.

*Present*, WRIGHT, GOULD and HOGEBOOM, *Justices.*

By the court—GOULD, Justice. These three cases turn on substantially the same ground of defence ; they were argued together, and one opinion can give the decision in all.

It is first desirable to free the cases of a claim on the part of the plaintiff, which *seems* to make them differ from cases heretofore decided in this court. This claim is, that the Insurance

VOL. XVIII. 11

Company, of which the plaintiff is assignee, was organized un-
der the law of 1849, and not that of 1853 ; and that, therefore,
a rule applies to the *premium* notes, different from the rule
laid down in *Devendorf* agt. *Beardsley* (23 *Barb.*), and subse-
quently in this district, in *Devendorf* agt. *Cornell.* And that,
by this different rule, *all premium* notes are (by the law of
1849) a part of the *capital* of companies organized under that
act.

This I deem a mistake. The act of 1849 (*Laws of* 1849,
*p.* 442, § 5) does not call the notes " premium notes," but
" notes received in advance for premiums," &c. ; and such
notes, when given *under that section*, are to be " considered as
part of the capital stock ;" and these are negotiable and paya-
ble absolutely and in full, without assessment or any of the
provisions applicable to notes given *after* the organization, and
in the course of the regular business of the company. That
act, however (*page* 445, § 10), authorizes such corporations,
after organization, and, indeed, requires them to declare, in
their filed charter, " the mode and manner " of doing business
*as such organized company.* And the charter of the company
in the cases before us, in its 11th section (*Case, folio* 25), pro-
vides for taking "*premium notes;*" which certainly cannot be
a part of the capital stock. So that, under the law of 1849,
there was such a thing as a " premium note," different and
distinct from a *capital stock note ;* and the premium notes were
of a different tenor from a stock note drawn according to the
law, and controlled by different rules as to calls and collec-
tion.

Taking these positions to be correct, the case of *White* agt.
*Haight* (16 *N. Y. Rep.* 310) by no means conflicts with the
other decisions I have alluded to. At p. 314 of that case, it is
admitted that the note there sued (called, indeed, a " premium
note,") "*formed part of the original capital.*" So that it was,
of course, under the 5th section above referred to ; and though
on its face not of the tenor required by the act, it was (and
such was the decision of that case), *payable as by that section ;*
the law controlling the intent of the parties, and making that

intent accord with the law. And the whole of that decision is, that such a note—one given as part of the capital stock—*is a stock note*, and payable as such, no matter what its tenor.

In the cases before us, however, there is neither admission nor proof that either of the notes was a part of the original stock. Nor does the referee find either of them to be so.

The plaintiff claims, indeed, that the points on which the *Devendorf* cases were decided were not taken before the referee. But, allowing (what is by no means certain) that the 4th ground on which a non-suit was asked, "that the complaint does not state facts sufficient to constitute a cause of action," is not aptly taken, as taken for the want not of *proofs* but of *allegations*, or as being too indefinite; allowing this not to be well taken, the second ground for asking the non-suit, "the defendant is liable only to his proportion," &c., is plainly consistent with no other line of defence, than that the note was not a stock note, and so liable merely to assessment, &c.

I should hold these notes to be, according to their tenor (in the absence of proof to the contrary), premium notes, and not stock notes; and thus fully within the decisions in the *Devendorf* cases. Of course, the judgments should be set aside, and a new trial be had.